# United States District Court

## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Damon Marquis Yarns

**CRIMINAL COMPLAINT**

Case Number:  1:26-MJ-463

I, the undersigned complainant depose and say under penalty of perjury that the following is true and correct to the best of my knowledge and belief.  On or about February 20, 2026, in Fulton County, in the Northern District of Georgia, defendant did make a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm,

in violation of Title 18, United States Code, Section 922(a)(6).

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Daniel Dove*

Signature of Complainant
Daniel Dove

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

April 17, 2026
Date

at   Atlanta, Georgia
City and State

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
USA Theodore S. Hertzberg / 2026R_____ /
theodore.hertzberg@usdoj.gov

*R. Cannon*

Signature of Judicial Officer

I, Daniel Dove, hereby depose and state under penalty of perjury as follows:

## INTRODUCTION

1.    I make this affidavit in support of applications for criminal complaints against Olaolukitan Adon ABEL and Damon Marquis YARNS.

2.    Based on the following facts, I submit that there is probable cause to believe that, (1) on or about April 13, 2026, in DeKalb County, Georgia, in the Northern District of Georgia, ABEL unlawfully possessed a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1); and (2) on or about February 20, 2026, in Fulton County, Georgia, in the Northern District of Georgia, YARNS made a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm, in violation of Title 18, United States Code, Section 922(a)(6)

## AGENT BACKGROUND

3.    I am employed as a Special Agent (SA) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since January 2024. I am currently assigned to the Atlanta Field Division, Group VII. I investigate violent crime as it relates to the illegal use and possession of firearms, to include but not limited to, conducting criminal investigations concerning violations of the federal firearms laws, drug trafficking laws, and federal firearms regulations. As part of my training to become a Special Agent, I attended six and a half months of specialized training at the Federal Law Enforcement Training Center in Glynco, Georgia. This training involved classes, lectures, and practical exercises to become proficient with federal firearm laws and other federal criminal violations. This training also imparted the knowledge and skills necessary to properly secure and analyze various forms of electronic evidence encountered during law enforcement operations. I received specific training in the

determination of probable cause and use of warrants and complaints to enforce federal laws within ATF's jurisdiction.

## SOURCES OF INFORMATION

4.      The information contained in this affidavit is based on my own personal knowledge, as well as information relayed to me by other law enforcement authorities and sources of information.

5.      Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer to whom I have spoken or whose report I have read and reviewed. Such statements are stated in substance, unless otherwise indicated. Wherever in this affidavit I state a belief, that belief is based upon my training and experience and the information obtained through this investigation.

6.      The facts relayed in this affidavit do not reflect the totality of information known to me or other agents. I do not rely upon facts not set forth herein in reaching my conclusion that criminal complaints and arrest warrants should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this affidavit in support of the applications for a criminal complaint and arrest warrant.

## PROBABLE CAUSE

### *April 13, 2026 Homicide Investigation*

7.      On April 13, 2026, at approximately 0650 hours, the DeKalb County Police Department (DKPD) responded to 2835 Battle Forrest Drive, Decatur, GA 30034, in the Northern District of Georgia. On the ground near the homicide victim, DKPD found a firearm with three rounds of ammunition in its magazine. The firearm was identified as a Taurus, model G3C, 9mm caliber pistol, bearing serial number 1KC03311 ("SUBJECT FIREARM"). The three rounds of

2

ammunition in the magazine were identified as Blazer 9mm ammunition. DKPD also found five Blazer 9mm cartridge casings on the ground near the homicide victim.

8.     All Blazer ammunition is manufactured outside of the state of Georgia.

9.     At DKPD's request, I asked the National Tracing Center to ascertain the provenance of the SUBJECT FIREARM. The National Tracing Center reported that Damon Marquis YARNS purchased the SUBJECT FIREARM on February 20, 2026, at Freedom Shooting Center ATL, which is located at 485 Bishop Street, Atlanta, GA, within the Northern District of Georgia. According to the eTrace report produced by the National Tracing Center, the SUBJECT FIREARM was manufactured by Taurus International Manufacturing in Bainbridge, Georgia and traveled to Chattanooga Shooting Supplies Inc. in Chattanooga, Tennessee, before it was shipped to Freedom Shooting Center ATL.

10.     On April 16, 2026, ATF Group Supervisor (GS) Gary Dorman received a shipping invoice from Chattanooga Shooting Supplies Inc. indicating that the SUBJECT FIREARM was shipped to Freedom Shooting Center ATL from 2600 Walker Road, Chattanooga, Tennessee.

### *Arrest of ABEL*

11.     On April 13, 2026, at approximately 1053 hours, Georgia State Patrol (GSP) stopped a Volkswagen Jetta at Upper Big Springs Road and Interstate 185 in Troup County, Georgia. GSP identified the driver as ABEL. Pursuant to a search warrant, law enforcement recovered from in or on the Volkswagen Jetta a box of Blazer ammunition and multiple Blazer ammunition shell casings.

12.     Law enforcement officers arrested ABEL in Troup County and transported him to DeKalb County, where he is currently facing numerous felony charges, including but not limited to malice murder, aggravated assault, and possession of a firearm by a convicted felon.

3

*Interview of YARNS*

13.    On April 16, 2026, GS Dorman contacted YARNS by telephone and requested to speak with him in person about an issue related to a firearm. YARNS agreed to meet GS Dorman near the Atlanta Police Department headquarters located at 226 Peachtree Street, Atlanta, Georgia later that day. After GS Dorman and ATF SA James Daugherty met YARNS outside police headquarters, YARNS agreed to speak with agents inside an interview room within the building.

14.    Once in the interview, GS Dorman introduced himself by name, title, and agency affiliation. GS Dorman advised that YARNS was not under arrest and was free to leave. GS Dorman collected biographical information from YARNS and learned that YARNS had relocated to Atlanta sometime between April and July of 2025. YARNS explained that, since that time, he had been residing in homeless shelters in Atlanta.

15.    GS Dorman asked YARNS how many firearms he had purchased since relocating to Georgia. YARNS stated that he had purchased only one firearm but could not recall the name of the firearms dealer or the specific model of the firearm he purchased. Initially, YARNS claimed that he purchased the firearm for himself using his own funds. However, YARNS later stated that a person he knew only as "Abdul or Obie" who was Nigerian or British went with him to purchase the firearm. SA Dorman asked YARNS where he believed the firearm he purchased was physically located. YARNS stated that the firearm was being stored with "Abdul or Obie" because YARNS was not permitted to possess firearms at the homeless shelter.

16.    GS Dorman showed YARNS a photo array consisting of six manila envelopes, each of which contained one photograph. YARNS acknowledged that the sixth manila envelope contained a photograph depicting the person he referred to as "Abdul or Obie." The sixth manila envelope contained a photograph of ABEL.

17.     GS Dorman read YARNS a Statement of Rights from ATF Form 3200.4 (Advice of Rights and Waiver) and advised YARNS that he was no longer free to leave. YARNS agreed to continue speaking with GS Dorman but declined to sign ATF Form 3200.4.

18.     YARNS agreed to allow GS Dorman to review messages between himself and ABEL on his cellular telephone. GS Dorman saw a message prior to February 20, 2026 in which ABEL told YARNS that he "can't get a handgun with an out of state id". GS Dorman saw additional conversation on or about February 20, 2026 in which ABEL wrote "Ill slap you 400" and "just don't disappoint man".

19.     YARNS admitted that ABEL paid for him to travel by rideshare to Freedom Shooting Center ATL, where he purchased a firearm for ABEL. YARNS admitted that, when he purchased the firearm, he lied on ATF Form 4473 by checking "yes" in box 21(a), which asks the customer: "Are you the actual transferee/buyer of all of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?"

20.     YARNS told GS Dorman that he transferred the firearm to ABEL after departing Freedom Shooting Center ATL and never possessed that firearm again.

### *ABEL's Criminal History*

21.     On or about January 2, 2025, ABEL was sentenced in the Superior Court of San Diego County, California for Assault of a Police Officer with a Deadly Weapon and Vandalism.

22.     Under California law, Assault of a Police Officer with a Deadly Weapon is punishable by imprisonment of three, four, or five years and, therefore, is a "crime punishable by imprisonment for a term exceeding one year" as defined by 18 U.S.C. § 921(a)(20).

23.     In June 2025, ABEL was sentenced to probation in the Recorders Court of Chatham County, Georgia for four counts of misdemeanor sexual battery.

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Damon Marquis Yarns

**WARRANT FOR ARREST**

AGENT TO ARREST

Case Number:  1:26-MJ-463

TO:     The United States Marshal
        and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest  Damon Marquis Yarns

and bring him or her forthwith before a United States Magistrate Judge without unnecessary delay to answer a **COMPLAINT** charging him with: making a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm,

in violation of Title 18, United States Code, Section 922(a)(6).

REGINA D. CANNON

Name of Issuing Officer

United States Magistrate Judge

Title of Issuing Officer

Signature of Issuing Officer

April 17, 2026
Atlanta, Georgia

Date and Location

Bail Fixed at $_____

by_____*R. Cannon*_____

Name of Judicial Officer

---

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at:

_____

Date Received:_____        _____

Name and Title of Arresting Officer

Date of Arrest:_____        _____

Signature of Arresting Officer